IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CURB TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:13-CV-36-WKW |
| | )                [WO] |
| SOMERSET LOGISTICS, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand. (Doc. # 8.) The parties fully briefed the motion (Docs. # 8, 11, 12), and the matter is ready for adjudication. Based upon the arguments of counsel and the relevant law, Plaintiff's motion to remand is due to be granted.

**I. BACKGROUND**

Plaintiff Curb Technologies, LLC ("Curb Technologies"), contracted with Defendant Somerset Logistics, LLC ("Somerset"), to broker the transportation of roof adapter curbs from Auburn, Alabama, to Jensen Beach, Florida. (Compl. ¶¶ 4–5.) The shipment was to arrive no later than 6:30 a.m. on October 3, 2011, but it arrived at least ten hours late. (Compl. ¶¶ 6–8.) Plaintiff alleges that the late shipment, which it attributes to Defendant, cost it $13,600. Plaintiff filed suit in the Circuit Court of Lee County, Alabama, alleging state law causes of action for breach of

contract and negligence.

Defendant removed the case on the basis that Plaintiff's claims, though couched in the language of state law, are actually federal claims arising under the Carmack Amendment,[1] which creates a uniform rule of carrier liability for goods shipped in interstate commerce.  49 U.S.C. § 14706; *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002).  Defendant argues Plaintiff "artfully pleaded" its claims in an attempt to avoid removal and that the Carmack Amendment completely preempts any state-law claim, thereby providing a basis for removal jurisdiction.  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (explaining the artful pleading doctrine).  Plaintiff argues its claims are not completely preempted and that this court therefore lacks jurisdiction.

## II.  STANDARD OF REVIEW

Federal courts owe a "strict duty" to exercise the limited jurisdiction Congress confers on them.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 357, 377 (1994) (remarking that federal courts "possess only that power authorized by Constitution and statute").

---

[1] Though courts, including this one, continue to use the term, the Carmack "Amendment" has become a misnomer.  Congress originally enacted the provision as an amendment to the Interstate Commerce Act.  It was recodified in 1996 by the Interstate Commerce Commission Termination Act.  Pub. L. No. 104-88, 109 Stat. 803 (1995) ("ICC Termination Act"); *see also Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73 n.4 (2d Cir. 2001) (discussing the history of the Carmack Amendment).

The law favors remand where federal jurisdiction is not absolutely clear, and courts must construe removal statutes narrowly. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006).

Defendants may remove civil actions over which the district courts have original jurisdiction, 28 U.S.C. § 1441, and district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. District courts also enjoy original jurisdiction over an action brought pursuant to 49 U.S.C. § 14706, the Carmack Amendment, if the amount in controversy exceeds $10,000, exclusive of interest and costs. 28 U.S.C. § 1337(a).

Generally, a defendant's invocation of a federal defense, like preemption, does not make a case involving only state law claims removable. *BLAB T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). This is true "even if the defense is federal preemption, and even if the validity of the preemption defense is the only issue to be resolved in the case." *Id.* But where "the pre-emptive force of a statute is so extraordinary" that preemption is "complete," "it converts an ordinary state common-law complaint into one stating a federal claim." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (holding that a state claim is removable only when "Congress expressly so provides" or "when a federal statute wholly displaces

3

the state-law cause of action through complete pre-emption"). When determining whether complete preemption applies, "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable." *Beneficial Nat'l Bank*, 539 U.S. at 9 n.5.

### III.  DISCUSSION

The essential question presented by Plaintiff's motion is whether the Carmack Amendment completely preempts claims against brokers so as to support the exercise of removal jurisdiction. The court finds that it does not.

Though the Eleventh Circuit has yet to address the question, the Carmack Amendment's application to *carriers*, if not to brokers, is fairly well-settled. Other courts that have found that the Carmack Amendment completely preempts "cause[s] of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier brought against carriers." *Hoskins v. Bekins*, 343 F.3d 769, 778 (5th Cir. 2003); *see also U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F. Supp. 2d 1322, 1338 (S.D. Ala. 2003) (finding that complete preemption applied to claims against a carrier). After all, the Carmack Amendment covers "[a]lmost every detail of" failures in transportation and delivery "so completely that there can be no rational doubt but that Congress intended to take

possession of the subject, and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913).

But by its express language, the Amendment covers almost every detail of claims against *carriers*, not brokers. 49 U.S.C. § 14706(a) (setting the limits for liabilities of "carrier[s] providing transportation or service"); *Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F. Supp. 2d 638, 641 (N.D. Tex. 2010) (finding that the Carmack Amendment did not preempt claims against a broker); *Hewlett-Packard Co. v. Bros. Trucking Enters., Inc.*, 373 F. Supp. 2d 1349, 1351 (S.D. Fla. 2005) ("The Carmack Amendment governs carriers, not brokers."). *But see Andrews v. Atlas Van Lines, Inc.*, 504 F. Supp. 2d 1329, 1332 (N.D. Ga. 2007) (finding that complete preemption applied in the Carmack Amendment context to claims against a carrier as well as against a "booking agent"). In fact, the Amendment does not mention "brokers," while the applicable definitions distinguish between "carriers" and "brokers."

"'[C]arrier' means a motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3). A "broker," however, is "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." *Id.* § 13102(2). Both parties agree that Defendant was the broker for

5

this transaction. (*See* Docs. # 11 at 6 (referring to claims "against brokers such as Somerset"), # 12 at 2 (stating that "Somerset was merely a broker").) Defendant merely arranged for the transportation, while a company called Cowboy Xpress was the carrier. (Doc. # 11 at 6.)

"[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Sebelius v. Cloer*, ___ U.S. ___, 133 S. Ct. 1886, 1894 (2013) (quotations and alterations omitted). Given the distinct definition of "brokers" and that term's omission, the court presumes Congress acted intentionally when it outlined liability only for carriers in the Carmack Amendment.

Complete preemption is a "narrow exception" to the well-pleaded complaint rule, *Beneficial Nat'l Bank*, 539 U.S. at 5, and where the Carmack Amendment does not mention brokers, it would be illogical to conclude that Congress intended it to be the exclusive cause of action for claims against brokers arising out of interstate transportation. This is particularly true in light of the ICC Termination Act's savings clause, which makes clear that "[e]xcept as otherwise provided," the Amendment's

remedies "are in addition to remedies existing under other law or common law." 49 U.S.C. § 15103. *See also Smith*, 296 F.3d at 146, n.2 (discussing the savings clause); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 287 (7th Cir. 1997) (same). Thus, the Carmack Amendment cannot support removal jurisdiction for claims against Defendant, as the Amendment's complete preemption does not extend to claims against brokers.[2]

## IV.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 8) is GRANTED, and that the action is REMANDED to the Circuit Court of Lee County, Alabama.  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

It is further ORDERED that the parties' cross-requests for costs pursuant to 28 U.S.C. § 1447(c) is DENIED.  "Costs are assessed in a case of improvident removal." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005).  Though remand is required,

---

[2] In reaching this conclusion, the court expresses no opinion whether a separate provision of the ICC Termination Act, 49 U.S.C. § 14501(c)(1), preempts – completely or otherwise – state law claims against brokers.  Defendant did not point to that provision in its notice of removal, and the parties did not brief the issue. *See Ameriwiss Tech., LLC v. Midway Line*, 888 F. Supp. 2d 197, 207 (D.N.H. 2012) (finding, where the broker-defendant raised the argument, that § 14501 preempted a negligence claim against broker and granting summary judgment in broker's favor); *Chatelaine*, 737 F. Supp. 2d at 643 (finding that § 14501 preempted state law claims arising from the interstate transportation of goods other than for breach of contract and granting broker's motion to dismiss).

the Carmack Amendment's application to claims against brokers in addition to carriers is an unsettled area, and a well-supported, if ultimately unsuccessful, argument in favor of removal is hardly improvident.

DONE this 8th day of July, 2013.

                                              /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE